IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION


| | | |
|---|---|---|
| DOUGLAS RAY CHISM, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0148 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |


**REPORT AND RECOMMENDATION**
**TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in

State Custody challenging the validity of a state court directive in a September 30, 1994 Judgment in

Cause No. 33, 538-D out of the 320th Judicial District Court of Potter County, that petitioner's 10-

year sentence assessed in that cause be "stacked" onto the 14-year sentence in Cause No. 88CR1356

and the 25-year sentence in Cause No. 22,936.  For the reasons hereinafter expressed, the

undersigned United States Magistrate Judge recommends petitioner's application be DENIED.


I.
PROCEDURAL HISTORY

According to his habeas application, petitioner was concurrently serving the following three

(3) sentences when he was convicted of the offense of burglary of a building on September 30, 1994

in Cause No. 33,538-D:

1.      25-year sentence for burglary of a habitation out of the 23rd Judicial District Court of

Brazoria County, Texas;

2.      14-year sentence for burglary of a habitation out of the 10th Judicial District
Court of Galveston County, Texas; and

3.      12-year sentence for theft over $750-$20,000 out of the Criminal
District Court of Tarrant County, Texas.

Petitioner has provided the Court with a copy of a Judgment dated September 30, 1994, which was

eventually signed by the state judge on January 10, 1995, and entered onto  the district clerk's record

on January 13, 1995.[1]  The summary on the first page of the judgment states, in part:

Sentence is stacked with the sentences in #88CR1356 and #22,936.  The sentence in
#33,538-D is to be served after the sentences in #88CR1356 and #22,936 has been
served.

In the body of the judgment, it states:

IT IS THE ORDER OF THIS COURT that the defendant who has been adjudged
guilty of the offense of Burglary of a Building and whose punishment has been
assessed at ten (10) years Tex. Dept. Crim. Just. Inst. Div. . . . ; and that the
defendant, Douglas Ray Chism, who was convicted of the offense of Burglary of a
Habitation, on the 27th day of march, 1989 in Cause Number 88CR1356 in the
District Court of Galveston County, Texas; and that the defendant, Douglas Ray
Chism, was convicted of the offense of Burglary of Habitation - Habitual, on the 26th
day of November, 1991 in Cause Number 22,936 in the 23rd Judicial District Court of
Brazoria County, Texas, serve the sentence assess (sic) in this Cause No. 33,538-D
after he has served the sentences assessed against him in Cause No. 88CR1356 and
Cause No. 22, 936.

As a result of this "stacking order," petitioner's 10-year sentence has been "stacked" on his 25-year

sentence.[2]

---

[1]Petitioner, without providing evidence thereof, contends this is a "second" judgment issued by the state judge. Petitioner contends the original judgment stated only, "Sentence is stacked with sentences currently being served and shall commence being served at such time as all other sentences are discharged in full."  The electronic docket sheet of the Potter County District Clerk reveals the entry of only one judgment on January 13, 1995.  The undersigned does not address any claims by petitioner that the "second" judgment is invalid as a nunc pro tunc judgment issued without notice.

[2]The undersigned notes that calculating the 25-year sentence and 10-year sentence as one 35-year sentence appears to be permissible under state law.  *See Ex parte Wickware*, 853 S.W.2d 571 (Tex.Crim.App. 1993).  The manner in which sentences are served pursuant to state law is a matter of the state courts' interpretation of state law and does not present a federal constitutional issue.

In the instant federal application, petitioner contends state case law[3] interpreting article

42.08(b) of the Texas Code of Criminal Procedure requires a "stacking order" include:

1.     The cause number of the specific prior conviction upon which the new
       sentences is to be stacked;

2.     The correct name of the court in which the prior conviction(s) was entered;

3.     The date of the prior conviction(s); and

4.     The term of years assessed in the prior case(s).

Petitioner contends the stacking order in the judgment "clearly lacks the element requiring the listing

of the number of years assessed in prior cases" and that "this deficiency renders the stacking order

invalid, and the exclusion of this mandatory information violates [petitioner's] due process rights

under the 14th Amendment U.S. Constitution."

On June 7, 2004, petitioner filed a state habeas alleging a "void stacking of sentence order."[4]

On December 8, 2004, the Texas Court of Criminal Appeals denied his application without written

order.  *Ex parte Chism*, No. 26,397-04.

On May 26, 2005, petitioner filed with this Court the instant federal petition for a writ of

habeas corpus.


II.
PETITIONER'S GROUND

In support of his contention that he is being held in violation of the Constitution and laws

and treaties of the United States, petitioner presents the following ground:

The "stacking order" contained within the state court's judgment is void, improper,
insufficient and invalid, and is a violation of due process.

---

[3]Petitioner apparently relies on *Ex parte Hamilton*, 290 S.W.2d 673 (Tex.Crim.App. )

[4]Petitioner asserts he is not barred by the 1-year statute of limitation because he was not provided with a copy of the
state court judgment until May 2004, and upon discovering the invalid "stacking order" within the judgment, immediately filed
his state habeas application.

HAB54\R&R\CHISM-DR.STATELAW:2                              Page 3

Petitioner requests this Court declare the "stacking order" invalid and void.

## III.
## EXHAUSTION OF STATE COURT REMEDIES

Based solely on petitioner's assertions in his petition, and without any actual review of the

state court records, it appears petitioner has sufficiently exhausted his available state court remedies

as to the claim he raises in the instant application as required by 28 U.S.C. § 2254(b), (c).  It is the

opinion of the undersigned Magistrate Judge, at this time, that petitioner's habeas application should

not be dismissed for failure to exhaust.

## IV.
## MERITS OF PETITIONER'S ALLEGATION

Federal habeas corpus will not lie unless an error was so gross or a trial so fundamentally

unfair that the petitioner's constitutional rights were violated.  In determining whether an error was

so extreme or a trial so fundamentally unfair, this Court must review the putative error at issue,

looking at the totality of the circumstances surrounding the error for a violation of the petitioner's

constitutional rights.  Based upon a review of the documents and pleadings provided by petitioner, it

is the opinion of the Magistrate Judge that petitioner has failed to show he is being unlawfully

detained in violation of the Constitution and laws of the United States.

## A.
## Validity of "Stacking Order" in Judgment

The undersigned finds petitioner is not entitled to relief on this ground because he has failed

to assert a violation of a federal constitutional right.  Petitioner asserts the "stacking order" set forth

in the state court judgment is "void," "improper," "insufficient," or "invalid" under state law.[5]

Petitioner's claim, as set forth in his habeas petition, merely concerns interpretation of state

constitutional, statutory or procedural law and, thus, is only a matter of state law and does not assert

a federal constitutional right.  *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475,479-80, 116

L.Ed.2d 385 (1991) ("federal habeas corpus relief does not lie for errors of state law" - a claim that

state law has been violated is generally not cognizable on federal habeas).  Petitioner attempts to

invoke a federal constitutional right by asserting that allowing the state court order to stand violates

his federal constitutional right to due process.  This is merely an attempt to bootstrap a matter of

purely state law, *i.e.*, the validity of a state court order under state procedural law, into a federal

claim and it must fail.  Petitioner's ground should be DENIED.

## V.
## CONCLUSION

It is the RECOMMENDATION of the Unites States Magistrate Judge to the United States

District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by

petitioner DOUGLAS RAY CHISM be, in all things, DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

---

[5]Petitioner contends he has been harmed by this state court order because "it has deprived him of parole eligibility which otherwise [would] have been granted to him, and has, by this fact, resulted in the lengthening of his term of imprisonment."  The undersigned notes "parole" is the "discretionary and conditional release of an eligible prisoner sentenced to the institutional division so that the prisoner may serve the remainder of his sentence under the supervision and control of the pardons and paroles division."  Tex. Code Crim. Proc. art. 42.18, § 2(1) (Vernon's 1992) (now Tex. Gov't Code § 508.001(6)). According to the TDCJ-CID telephonic record system, petitioner became eligible for release on parole on January 4, 1998. Release from "confined" custody in the form of parole to serve the remainder of one's sentence outside prisons walls, subject to specific conditions, is left solely to the discretion of the Board of Pardons and Paroles.  Because this decision of whether to parole or not to parole is discretionary, prisoners in Texas possess no constitutionally protected right to release on parole.  *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 422 U.S. 1, 7 (1979); *Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997); *Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993).

Recommendation to petitioner and to counsel of record for respondent by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 7th day of June 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).